SUMMERS, Justice
(dissenting).
In brief to this Court appellant argues that the trial judge erred in finding that the accused was a second offender on the evidence offered by the State at the multiple offender hearing. This question cannot be *189 considered by this Court because no written assignment of error on this point was ever submitted to the trial judge for his per curiam comment as required by Article 844 of the Code of Criminal Procedure:
“The party appealing shall designate, in writing, those errors which are to be urged on appeal.
“The assignment of errors shall be filed within the time specified by the trial judge.
' “The trial judge may submit such per curiam comments as he desires.”
These are the assignments of error in the trial court:
“The court erred in refusing to grant the defense motions for mistrial and otherwise in commenting before the jury on defendant’s conduct during trial and in permitting the courtroom deputies to comment on same before the jury.”
In this connection, it may be well to remind this Court that
“The following matters and no others shall be considered on appeal:
“(1) An error designated in the assignment of errors; and
“(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” La.Code Crim.Proc. art. 921.
It is upon the “evidence” that this reversal turns, and without any assignment of errors on the issue presented by the “evidence”. The reversal is not based upon the pleadings and proceedings.
This absence of an assignment of error on the issue upon which this reversal turns was emphatically stressed by the State in its brief. Actually, assignment of error number two in the trial court was considered by the trial judge in his per curiam to be related to the amendment of the bill of information, not the issue this Court considers as assignment of error number two. In any event the trial judge wrote no per curiam on the issue this Court considered in overturning this conviction.
Notwithstanding these facts, this Court states: “Therefore, we must sustain the defendant’s assignment of error that the proof educed was incompetent to convict him as a second offender.” Thus, this decision, on the erroneous impression that an assignment of errors had been made as required by Article 844, compels the trial judge to set aside the enhanced penalty of this recidivist offender, previously convicted of simple burglary.
I would affirm the conviction.